**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JASON ERLENBORN and | ) | |
| MOLLY CLOUGH, | ) | CASE NO.  20-81612 |
| | ) | |
| Debtors | ) | Hon. Judge Thomas M. Lynch |
| THE PLAYER'S BENCH, INC., | ) | |
| Plaintiff, | ) | |
| | ) | ADVERSARY CASE NO. |
| v. | ) | |
| | ) | |
| JASON ERLENBORN and | ) | |
| MOLLY CLOUGH, | ) | |

**ADVERSARY COMPLAINT FILED BY THE PLAYER'S BENCH, INC. AGAINST JASON ERLENBORN AND MOLLY CLOUGH UNDER SECTION 523(a)(6) OF THE UNITED STATES BANKRUPTCY CODE**

NOW COMES the Plaintiff, THE PLAYER'S BENCH, INC. ("Plaintiff"), by and through one of its attorneys, JASON H. ROCK of BARRICK, SWITZER, LONG, BALSLEY & VAN EVERA, LLP, and for its Adversary Complaint against the Debtors, JASON EHRLENBRON and MOLLY CLOUGH, pursuant to § 523(a)(6) of the United States Bankruptcy Code, respectfully states as follows:

1. JASON ERLENBORN and MOLLY CLOUGH (hereinafter "Debtors") filed a joint voluntary Petition pursuant to Chapter 7 of the United States Bankruptcy Code on September 18, 2020.

2. This is a "core" proceeding pursuant to 28 U.S.C. Section 157(b)(2)(I) of the United States Code.

3. The relief requested in this adversary action may be granted by this Bankruptcy Court under § 523 of the United States Bankruptcy Code ("Code") and Bankruptcy Rule 7001(6).

1

4. For all relevant times, the Debtors are and were residents of McHenry County, State of Illinois.

5. The Plaintiff, The Player's Bench, Inc., is an Illinois corporation in good standing formed November 10, 1976. Since its formation and through the date of sale of substantially all of its assets, Plaintiff operated a retail business that sells and leases a full variety of musical instruments while providing related services and instruction.

6. The Debtors formed an Illinois corporation named The Players Bench Music Inc. (hereinafter "Players Bench Music") on or about May 21, 2014. For all relevant times, Players Bench Music was 100% owned, directed, operated and managed equally by the Debtors.

7. On or about June 2, 2014, the Plaintiff and Players Bench Music, among other affiliated parties, executed a certain Asset Purchase Agreement (and related documents) whereby Plaintiff sold, assigned and consigned various Plaintiff assets and inventory to Players Bench Music subject to terms and conditions as set forth therein. *See true and accurate copy of June 2, 2014 Asset Purchase Agreement attached hereto as Exhibit "A".*

8. After the closing, Players Bench Music continued to lease the existing commercial space from a trust affiliated with the Plaintiff pursuant to a Sublease Agreement dated June 2, 2014.

9. Section 8 of the Asset Purchase Agreement sets forth specific payment formulae for Players Bench Music's collection and remittance to Plaintiff for musical instrument inventory consigned by Plaintiff to Players Bench Music.

10. Pursuant to a certain Security Agreement dated June 2, 2014 signed by Players Bench Music in favor of Plaintiff, Players Bench Music pledged its business assets, including inventory, to Plaintiff to secure Plaintiff's claim for Seller financing payments and payments related to Players Bench Music's sale of Plaintiff serialized consigned inventory, among other Plaintiff obligations under the Asset Purchase Agreement. *See true and accurate copy of June 2, 2014 Security Agreement attached hereto as Exhibit "B".*

11.     Players Bench Music ceased retail operations in 2020 and, upon information and belief, abandoned the remaining assets, inventory and consigned goods at the subleased location.

12.     After Players Bench Music abandoned the remaining assets, inventory and consigned goods, Plaintiff's principal, Joseph Ornelas Jr., conducted an analysis to compare the serialized consigned inventory as same existed in June of 2014 with the abandoned consigned inventory, which analysis concludes that Players Bench Music failed to remit the sum of $108,284.52 to Plaintiff under the terms of Section 8 of the June 2, 2014 Asset Purchase Agreement.

13.     The Debtors' failure to pay proceeds from the sale of consigned goods to Plaintiff gives rise to an exception from discharge claim under 11 U.S.C. § 523(a)(6) for willful and malicious injury by the Debtors to Plaintiff. *In re Hollier*, 517 B.R. 671 (Bankr. WD La. 2014). A corporate officer who participates in a tort by a corporation may be personally liable in any number of tort categories. See *IOS Capital, Inc. v. Phoenix Printing, Inc.*, 348 Ill.App.3d 366 (4th Dist. 2004).

14.     As a direct result of the Debtors' willful and intentional conduct, Plaintiff has suffered the following damages: (1) actual damages in the sum of $108,284.52; (2) attorney's fees and court costs directly related to Debtors' intentional and tortious actions.

15.     Debtors' intentional acts and conduct as described above have required Plaintiff to incur attorney's fees and Court costs related to the filing of the instant Adversary action, which attorney's fees and costs are recoverable by Plaintiff under Illinois law and case law under § 523(a)(6) of the United States Bankruptcy Code.

16.     Pursuant to § 523(a)(6), the Debtors should be denied discharge as to the debts owed to Plaintiff as described herein.

WHEREFORE, the Plaintiff, THE PLAYER'S BENCH, INC., respectfully requests that this Court enter an Order of non-dischargeability in regard to its claim against the Debtors,

JASON ERLENBORN and MOLLY CLOUGH, jointly and severally, pursuant to Section 523(a)(6) of the United States Bankruptcy Code, entry of judgment in favor of THE PLAYER'S BENCH, INC. and against the Debtors, JASON ERLENBORN and MOLLY CLOUGH, jointly and severally, in the sum of $108,284.52 (or a lesser amount as supported by the evidence) plus attorney's fees and costs or for whatever other relief this Court deems equitable and just:

        THE PLAYER'S BENCH, INC., Plaintiff

BY:   */s/ Jason H. Rock*
       JASON H. ROCK

JASON H. ROCK (6225946)
Barrick Switzer Long Balsley & Van Evera, LLP
6833 Stalter Drive
Rockford, IL  61108
815-962-6611
815-962-1758 (fax)
jrock@bslbv.com

4